IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| CAPTAIN SHERIFF SAUDI, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | Misc. No. 03-CV-11903 WGY |
| § | |
| GREGORY DOYLE, § | |
| § | |
| Respondent. § | |

**MOTION FOR CONTEMPT**

PURSUANT to Rules 30 and 45(a) and (e) of the Federal Rules of Civil Procedure governing compelled attendance of witnesses at depositions in a Federal District outside the District where the underlying case is pending, Captain Sheriff Saudi, moves this Court for the entry of an Order directing the Respondent, Gregory Doyle, to show cause why he should not be held in contempt and, further, compelling Respondent Doyle's attendance at a deposition in this District and, in support of said Motion and such relief, would show the Court the following:

1. Captain Sheriff Saudi filed suit in the United States District Court for the Eastern District of New York, Brooklyn Division, against Defendants, Marine Atlantic, Ltd., V. Ships Switzerland, a/k/a Acomarit Maritimes Services, S.A., and Monte Cristo Ship Holdings, Ltd. That case is styled Civil Action No. 02-CV-2495 (JG) (LB, <u>Captain Sheriff Saudi, Plaintiff, v. Marine Atlantic, Ltd., Et Al, Defendants</u>.

2. On the 7th day of May, 2003, Captain Sheriff Saudi ("SAUDI"), through his counsel, issued and served a Notice of Deposition which directed the parties to appear at a deposition

1

of Gregory Doyle, a third-party witness, within this Federal District and this Division. The Notice of Deposition served by Plaintiff Saudi on the Defendants in the Eastern District of New York case was for the following place and time:

```
PLACE: Second Floor Executive Board Room #204; Hyatt Regency
       Cambridge Hotel, 575 Memorial Drive,
       Cambridge, Massachusetts  02139
       Phone:  617-492-1234
DATE:  June 9, 2003
TIME:  10:00 a.m.
```

The third-party witness, Gregory Doyle, was served a subpoena directing him to appear at the above address, which was a rented conference room, at the Hyatt Hotel, in Cambridge, Massachusetts, close to the business address of the third-party witness, Gregory Doyle, at the time, the date, and the place indicated in the Notice of Deposition. A true and correct copy of that notice is attached as Exhibit A and incorporated by reference for evidentiary purposes.

3. After the subpoena was issued, Saudi's attorney in the New York case, retained the services of Darin K. Stokes, a private process server, residing in Stoughton, Massachusetts to effect service on the third-party witness, Gregory Doyle.

4. On Thursday, May 8, 2003, at 7:54 p.m. Darin K. Stokes, served the subpoena along with a witness fee of $45.00 on the third party witness, Gregory Doyle, who is the Respondent in this proceeding, directing him to appear at the deposition.

5. On or about the 10th day of May, 2003, Saudi's counsel in the New York case, Joe Alfred Izen, Jr., received a call from counsel purporting to represent the third-party witness, Gregory Doyle, Mr. Duffy of the New York law firm of Fowler, ridriguez

2

and Chalas, claiming that Doyle had not been properly served. Mr. Duffy also asserted that the deposition had been noticed without the permission of the United States District Court for the Eastern District of New York, where Saudi's case against Marine Atlantic, Ltd., and the other Defendants, was pending.

6. Counsel for Saudi informed Doyle's counsel that Saudi's Notice of Deposition served on Gregory Doyle was valid Court process and that Saudi was insisting that Respondent Doyle appear and attend the deposition.

7. On the 4th day of June, 2003, Saudi's counsel received a letter by fax from the Chalas law firm which purported to inform Saudi and the other parties in the New York case that Doyle and his counsel were unilaterally canceling the Monday, June 9, 2003 deposition. That letter claimed that a Protective Order was being sought from the United States District Court for the Eastern District of New York to quash the scheduled deposition on various grounds including the claim that Doyle had never been personally served as required by the Federal Rules of Civil Procedure and that the Notice of Deposition had been issued without authorization of the New York Court because "the discovery deadline had expired." A true and correct copy of that letter is attached hereto, marked Exhibit B, and incorporated by reference for evidentiary purposes.

8. The United States District Court for the Eastern District of New York, Brooklyn Division, through the assigned Magistrate, Honorable Lois Bloom, entered an order after receipt and denial of the Chalas law firm's purported "Motion to Quash"

Doyle's deposition directing that Doyles deposition go forward.

9. As a result of Doyle's and his attorney's unilteral cancellationof Doyle's June 9, 2003 deposition, Saudi incurred expenses and attorney's fees including a $225.00 cancellation fee. See Exhibit D attached hereto and incorporated by reference for evidentiary purposes   Judge Bloom made it very clear that no impediment had existed to the taking of the deposition of Gregory Doyle when Gregory Doyle was served with process requiring his attendance at the deposition in this District on May 8, 2003. Magistrate Bloom admonished Saudi to "move to compel the deposition of Doyle" in this District before the next telephone status conference on September 30, 2003. A true and correct copy of that Order is attached hereto, marked Exhibit C, and incorporated by reference for evidentiary purposes.

10. Prior to the filing of this motion, Saudi's counsel contacted Doyle's counsel and attempted to obtain an agreement for Doyle's voluntary appearance. A true and correct copy of that letter which Saudi's counsel sent to Doyle's counsel is attached hereto, marked Exhibit E, and incorporated by reference herein for evidentiary purposes. That letter specifically offered to waive any attorney's fees incurred as a result of the sending of the notice as well as the fees for service on Doyle, but did demand that Doyle reimburse Saudi for the non-refundable cost of the conference room reserved at the Hyatt Hotel, a hotel close to Brookline, Norfolk County, Massachusetts, where Gregory Doyle had his principal place of business, 133 Salisbury Road, Brookline, Norfolk County, Massachusetts 02445.

4

11. Doyle and his counsel rebuffed this offer. Doyle's counsel attacked the integrity of Saudi's counsel and expressed doubt that any costs had been incurred.

12. Petitioner Saudi has been forced to expend excessive costs and attorney's fees in an effort to compel Doyle to attend a deposition. When Saudi's private process server, Darin K. Stokes, a Constable residing in Stoughton, Massachusetts, served Doyle on May 8, 2003, he also tendered a witness fee in the amount of $45.00 by check. The facts which are set up by Darin K. Stokes' statement, made under penalty of perjury in his Affidavit, establish that Respondent, Gregory Doyle, committed contempt of this Court's subpoena directing him to appear at said deposition on June 9, 2003, by willfully absenting himself therefrom on the time and date in question. A true and correct copy of the subpoenae served on Doyle is attached as Exhibit F and incorporated by reference for evidentiary purposes. The original of the Affidavit of Service of Darin Stokes is attached hereto as Exhibit G and incorporated by reference for evidentiary purposes.

13. No just cause existed for Doyle's disobeyance of this Court's subpoena. Petitioner Saudi should recover all reasonable costs and attorney's fees necessary for the preparation, filing, presentation, and prosecution, of this motion. Such costs should include, but not be limited to, reasonable attorney's, cost of canceled reservations, filing fees, service fees, and any other costs incidental to procuring, issuing, and serving, a subpoena on Doyle and that attendant to the preparation and service of the Notice of Deposition.

14. This Court should enter an order directing Respondent Doyle to appear before this Court and show cause, at a date and time certain, and to show cause, if any he has, why he should not be held in contempt, forced to reimburse Petitioner Saudi the reasonable costs of this Motion and to purge his prior contemptuous conduct. This Court should also order Respondent Doyle to appear and to give his deposition at a time and date certain at a place and physical location within this Federal District and Division.

WHEREFORE, Petitioner Saudi prays that this Court entertain this Motion and, after due consideration of same, that this Court enter an order: (1) directing that the said Gregory Doyle appear before this Court to show cause, if any he has, why he should not be held in contempt; (2) awarding Saudi reasonable costs including attorney's fees against Respondent Doyle for the necessity of the preparation, filing, and presentation, of this motion; (3) directing Respondent Doyle to appear at a date and time certain at a physical location within this District and Division to give his deposition; and (4) granting Petitioner Saudi such other and further relief, both in law and in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

---
Captain Sheriff Saudi
Petitioner In Propria Persona
5222 Spruce Street
Bellaire, Texas  77401
(713) 668-8815
(713) 668-9402 FAX

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was sent to Michael E. Unger, at Freehill, Hogan and Mahar, LLP, 80 Pine Street, New York, New York  10005-1079, FAX (212) 425-1901 and Thomas Nork and Keith Letourneau, Bell, Ryniker, Letourneau & Nork, 5847 San Felipe, Suite 4600, Houston, Texas  77057 FAX (713) 871-8844 and Owen F. Duffy, Fowler, Rodriguez, & Chalos, 366 Main Street, Port Washington, NY  11050 facsimile transmission and/or United States mail on this the 8th day of January, 2003.

SAUDDOYL2.CRC/TK349

---
Captain Sheriff Saudi

7