IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAPTAIN SHERIFF SAUDI, | ) |
| Petitioner, | ) |
| -against- | ) 04-MBD-10015 (RCL) |
| GREGORY DOYLE, | ) |
| Respondent, | ) |

**OPPOSITION TO MOTION FOR CONTEMPT,
OPPOSITION TO MOTION FOR AN ORDER TO
COMPEL THE DEPOSITION OF RESPONDENT,
AND CROSS-MOTION FOR A PROTECTIVE ORDER
PRESENTED ON BEHALF OF
RESPONDENT, GREGORY F. DOYLE**

**PRELIMINARY STATEMENT**

This OPPOSITION TO MOTION FOR CONTEMPT, OPPOSITION TO THE MOTION FOR AN ORDER TO COMPEL THE DEPOSITION OF RESPONDENT, AND CROSS-MOTION FOR A PROTECTIVE ORDER is submitted on behalf of respondent, Gregory F. Doyle.

The respondent, Mr. Gregory F. Doyle is a resident of the United States; he is not a party to the action that petitioner has pending in the U.S. District Court for the Eastern District of New York; and most certainly, he is not in contempt of the U.S. District Court for the District of Massachusetts. To the contrary, Mr. Doyle has been subjected to annoyance, embarrassment, oppression and undue burden and expense by the actions of the petitioner as the petitioner has pursued jurisdictional discovery in an attempt to establish that

certain parties are subject to personal jurisdiction in New York in connection with a personal injury that was allegedly sustained by the petitioner.

More to the point, the Petitioner's Motion for Contempt is baseless because Mr. Gregory F. Doyle was not in the Commonwealth of Massachusetts on the date that it has been alleged he was personally served with a Subpoena issued from the District of Massachusetts. As such, the petitioner has never been properly served with a subpoena that would require him to appear for a deposition. Accordingly, the Court must deny the Petitioner's Motion for Contempt. The Court should also deny the Petitioner's Motion to compel the attendance of Mr. Gregory F. Doyle at a deposition in connection with petitioner's case in New York and instead, should enter a Protective Order so as to prevent any further annoyance to Mr. Gregory F. Doyle.

## STATEMENT OF FACTS

### THE PETITIONER

The Petitioner, Captain Sheriff Saudi, is a resident of Houston, Texas. He has asserted claims against Marine Atlantic, Ltd.; Monte Cristo, Inc.; and Acomarit Services, S.A., alleging he suffered personal injuries on board Marine Atlantic Ltd.'s vessel, the S/T MARINE ATLANTIC, on or about May 17, 1999 in the Gulf of Mexico. To prosecute the claim, the Petitioner filed suit against Marine Atlantic Ltd.; Monte Cristo, Inc.; and Acomarit Services, S.A. in New York State Court on or about March 9, 2002. See Exhibit A, Complaint. The lawsuit against Marine Atlantic, Ltd.; Monte Cristo, Inc.; and Acomarit Services, S.A. was subsequently removed to the Federal Court, where it is still pending in the U.S. District for the Eastern District of New York. See Exhibit B, Docket for case styled Captain Sheriff Saudi v. S/T MARINE ALTANTIC, ET AL, 02-CV-2495.

THE RESPONDENT

The respondent, Gregory F. Doyle, is a resident of the State of Florida with a home in Massachusetts. (Ex. C, ¶ 1). At all relevant times, Mr. Doyle has maintained a home and a place of business at 133 Salisbury Road, Brookline, Massachusetts, 02445. (Ex. C, ¶ 1). The respondent, Gregory F. Doyle, is not a party to the Petitioner's lawsuit, which is pending before the U.S. District Court for the Eastern District of New York.

Mr. Doyle is the president of a company entitled Salisbury House, Inc., which he formed in 1996. (Ex. C, ¶ 3). The primary business of Salisbury House, Inc. is to act as a chartering manager for ocean-going tank vessels. (Ex. C, ¶ 4). In connection with its business to act as a chartering manager for ocean-going tank vessels, Salisbury House, Inc. entered into a contract with Marine Atlantic, Ltd. commencing on September 10, 1997. (Ex. C, ¶ 5). In accordance with the terms and conditions of the contract between Salisbury House, Inc. and Marine Atlantic, Ltd., Salisbury House, Inc. was retained to act as Chartering Manager of the Liberian flag vessel named and known as the MARINE ATLANTIC. (Ex. C, ¶ 7). In accordance with the terms and conditions of the contract between Salisbury House, Inc. and Marine Atlantic, Ltd., Salisbury House, Inc. was required to market the vessel and negotiate and arrange for all charters and contracts of affreightment. (Ex. C, ¶ 7). Salisbury House, Inc. has performed those functions as chartering manager of the Liberian flag vessel named and known as the MARINE ATLANTIC from the commencement of the contract onwards. (Ex. C, ¶ 7).

PETITIONER'S COUNSEL HAS PREVIOUSLY DEPOSED THE RESPONDENT

Prior to the filing of a lawsuit in New York, the petitioner originally filed suit in the U.S. District Court for the Southern District of Texas, alleging the same cause of action as has been alleged in New York, against the S/T MARINE ATLANTIC, Marine Atlantic, Ltd. and a number of other parties. See Ex. D, Captain Sheriff Saudi v. S/T MARINE

ATLANTIC, 159 F.Supp. 2d 505 (S.D. Tex. 2000). Mr. Gregory F. Doyle, who is the respondent in this proceeding, was not a party to that action.

In connection with the action filed in the U.S. District Court for the Southern District of Texas, the petitioner was granted leave, on November 21, 2002, to subpoena the respondent, Gregory F. Doyle, for a deposition. See Ex. D, 159 F.Supp. 2d at 511. The respondent was not properly subpoenaed in that case, but Mr. Doyle nevertheless voluntarily appeared for a deposition. See Ex. E, Tr. at 4. He was examined, under oath, by petitioner's counsel, Mr. Joe Izen, on November 30, 2000. During that deposition, Mr. Gregory F. Doyle was examined with regard to, among other things, his involvement with the MARINE ATLANTIC as chartering manager and his contacts nationwide, including his contacts with the State of New York, while Salisbury House, Inc. was the chartering manager of the MARINE ATLANTIC.

In the action filed in the U.S. District Court for the Southern District of Texas, the District Court determined that the deposition of Mr. Doyle, and the testimony of others deposed by the plaintiff, failed to reveal any contacts nationwide or in Texas that would support personal jurisdiction over Marine Atlantic Line, Ltd. and also, that petitioner did not show any basis for concluding that Doyle and Hamshaw[1] of Marine Atlantic Ltd. were authorized agents for service "nor that their activities, if any on behalf of Marine Atlantic Ltd. in the United States were sufficient to impose personal jurisdiction on Marine Atlantic Ltd." See Ex. D, 159 F.Supp. 2d at 511. The case against Marine Atlantic Ltd. was dismissed for lack of personal jurisdiction. See Ex. D, 159 F.Supp. 2d at 511, aff'd, 2003 U.S. App. Lexis 24167 (5th Cir. 2003).

Indeed, in a related proceeding, the U.S. District Court for the Southern District of Texas held that Gregory F. Doyle was not an agent of Marine Atlantic Ltd., and that any work Doyle performed in connection with the contract between Salisbury House, Inc. and

---

[1] Mr. Hamshaw is Marine Atlantic Ltd.'s Assistant Secretary.

-4-

Marine Atlantic Ltd. was work typically undertaken by an independent contractor. 159 F. Supp. 2d 512, 528 (S.D. Tx. 2001). Thus, because Mr. Doyle was not an agent of Marine Atlantic Ltd. there was no support for Rule 4(k)(2) jurisdiction.

### THE PETITIONER RENEWED HIS CLAIM AGAINST MARINE ATLANTIC LTD. IN NEW YORK

Following the dismissal of the action from the U.S. District Court for the Southern District of Texas, the petitioner, Captain Sheriff Saudi, initiated several other actions including one against Acomarit Maritime Services, S.A. in the U.S. District Court for the Eastern District of Pennsylvania, and the action against Marine Altantic Ltd., Monte Cristo, Inc. and Acomarit Services, S.A. in U.S. District Court for the Eastern District of New York. The action against Acomarit in the U.S. District Court for the Eastern District of Pennsylvania was dismissed for lack of personal jurisdiction. See Ex. F, Captain Sheriff Saudi v. Acomarit Services, S.A., 245 F.Supp. 2d 662 (E.D. Pa. 2003).

In connection with the action that is still pending in the U.S. District Court for the Eastern District of New York, the defendants filed a Motion to Dismiss for lack of Personal Jurisdiction on August 13, 2002. (Ex. B at pg. 3). The Motion has not yet been decided. On September 27, 2002, Judge Gleason referred the matter to Magistrate Judge Lois Bloom in order for the parties to conduct additional discovery on the jurisdictional issue only. (Ex. B at pg. 4).

After holding a status conference on October 30, 2002, Magistrate Judge Bloom directed the parties to complete the jurisdictional discovery within three months of November 4, 2002. (Ex. B at pg. 5). Later, on March 27, 2003, Magistrate Judge Bloom revised the schedule to permit the plaintiff to conduct jurisdictional discovery up to May 16, 2003. (Ex. B at pg. 6). Again, on April 25, 2003, Magistrate Judge Bloom extended the deadline for jurisdictional discovery until June 10, 2003 so that plaintiff could arrange for the Rule 30(b)(6) deposition of Mr. Surendar Atil. (Ex. B at pg. 6).

### THE PETITIONER SOUGHT TO SUBPOENA THE RESPONDENT FOR ANOTHER DEPOSITION IN CONNECTION WITH THE ACTION PENDING IN THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

On May 15, 2003, the respondent, Mr. Gregory F. Doyle, returned to his home in Brookline, Massachusetts following a trip to Florida. (Ex. C, ¶ 9). That day or the following day, he found among his mail a "Subpoena in a Civil Case." (Ex. C, ¶ 9). The Subpoena stated that it was issued by the United States District Court for the District of Massachusetts in connection with a case that was pending in the United States District Court for the Eastern District of New York entitled <u>Captain Sheriff Saudi v. Marine Atlantic, Ltd., Monte Cristo Shipholding Ltd. and V. Ships Switzerland, S.A. fka Acormarit Services Maritime, S. A.</u>, case number 02 CV 2495. The Subpoena commanded that Mr. Doyle appear on June 9, 2003 at a hotel in Cambridge, Massachusetts to testify at the taking of a deposition in case number 02 CV 2495. <u>See</u> Ex. G, Subpoena dated May 7, 2003.

### THE PETITIONER'S SUBPOENA WAS DEFECTIVE

The Subpoena dated May 7, 2003 was defective in that it had not been properly served. The Subpoena was mailed to the respondent, Mr. Gregory Doyle, at his address at 133 Salisbury Road, Brookline, Massachusetts, 02445 by certified mail. (Ex C, ¶ 10). Furthermore, the Subpoena was not accompanied by the witness fee required by Federal Rule of Civil Procedure 45(b)(1). (Ex. C, ¶ 12).

### OBJECTIONS TO THE SUBPOENA WERE PROPERLY SERVED ON THE PETITIONER.

Several days after receiving the Subpoena in the mail, the respondent contacted the attorney who had previously represented the respondent in connection with the deposition for the case that had been pending in U.S. District Court for the Southern District of Texas. The respondent's attorney, Owen F. Duffy of Fowler, Rodriguez & Chalos in New York, advised Mr. Doyle that the Subpoena was defective in that it had not been personally served and that, in any event, it was not accompanied by a witness fee as is required by the

Federal Rules of Civil Procedure. Mr. Duffy advised the respondent that he was not obligated to comply with the Subpoena.

Mr. Duffy advised the petitioner's attorney that the Subpoena was defective and set forth the specific objections to Subpoena to avoid any argument that the objections were waived. See Ex. I. So as to avoid any argument that objections to the subpoena had been waived, Mr. Duffy also made an application to the U.S. District Court for the Eastern District of New York to quash the subpoena. See Ex. H, Letter Application of June 2, 2003. At that time, the principal objections to the Subpoena were that it was not properly served and also, that the attempt to subpoena Mr. Doyle appeared to be in contravention of the discovery deadlines established by Magistrate Judge Lois Bloom. (Ex. H at pg. 2). The petitioner did not oppose the application.

On June 4, 2003, it appeared that Magistrate Judge Bloom would not be available to rule on the application to quash the Subpoena before June 9, 2003, and the petitioner's attorney was advised that Mr. Doyle would not appear in response to the defective subpoena. See Ex. I. As of June 9, 2003, the U.S. District Court for the Eastern District of New York had not made any ruling on the application to quash the subpoena. Acting on the advice of his attorney, Mr. Doyle did not appear to testify on June 9, 2003 in response to the subpoena dated May 7, 2003. (Ex. C, ¶ 13).

THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK REFUSED TO QUASH THE SUBPOENA ISSUED BY THE U.S. DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

On June 11, 2003, Mr. Duffy received an Order from the U.S. District Court for the Eastern District of New York dated June 9, 2003. See Ex. J. In that Order, Magistrate Judge Bloom refused to quash the Subpoena issued by the U.S. District Court for the District of Massachusetts because it was issued by the United States District Court of Massachusetts. Magistrate Judge Bloom did not, however, rule that the Subpoena had been properly served. (Ex. J).

### THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK ADMONISHED THE PETITIONER TO MOVE FORWARD WITH THE DEPOSITION OF DOYLE, BUT PETITIONER FAILED TO COMPLY WITH THE DISTRICT COURT'S ORDER

At a conference held before Magistrate Judge Bloom on June 10, 2003, the U.S. District Court for the Eastern District of New York admonished the petitioner's counsel to contact Mr. Doyle's counsel to make new arrangements for the deposition of Mr. Doyle. See Ex. K, Tr. at 11. The Court specifically directed the petitioner's counsel to "renew" the deposition subpoena. (Ex. K, Tr. at 13). Indeed, the Court specifically cautioned the petitioner's counsel that the Court did not want to hear a month from then that petitioner's counsel was still in the process of getting that situation taken care of. (Ex K, Tr. at 27).

The petitioner did not follow the Court's direction, but instead, sent a letter to Mr. Doyle's counsel on July 8, 2003. See Ex. L. In that letter, Petitioner's counsel, Joe Izen, asserted a claim for contempt seeking reimbursement and compensation for costs associated with respondent's failure to appear for a deposition on June 9, 2003. (Ex. L). Additionally, petitioner improperly demanded to be provided with copies of all documents that were described in the Subpoena dated May 7, 3003. (Ex. L). Petitioner's counsel did not, however, request that the deposition of Mr. Doyle be rescheduled. (Ex. L).

In response to the letter from Mr. Izen, Mr. Duffy wrote to petitioner's counsel on July 18, 2003. See Ex. M. The "offer" to settle petitioner's claims for contempt and reimbursement of costs was rejected. (Ex. M). Specifically, it was pointed out that that the Respondent was not in contempt of court and Petitioner's counsel was reminded that the Subpoena Duces Tecum dated May 7, 2003 was not properly served. (Ex. M).

Later on July 23, 2003, petitioner's counsel appeared, via telephone, for another conference regarding the discovery before United States Magistrate Judge Lois Bloom. See Ex. N. At that time, Magistrate Judge Lois Bloom, once again, admonished petitioner's counsel to contact either Mr. Duffy or Mr. Doyle to "work this out." (Ex. N, pg. 18). In the alternative, the petitioner's counsel was directed to move in Massachusetts to compel the

discovery or serve a new subpoena to correct the defective service. (Ex. N, pg. 19). The Court specifically extended the time for discovery, but directed Mr. Izen to move to compel the deposition of Mr. Doyle in the U.S. District Court for the District of Massachusetts by September 15, 2003. (Ex. N, pg. 18).

### THE PETITIONER SEEKS TO HOLD MR. DOYLE IN CONTEMPT OF COURT

Notwithstanding Magistrate Judge Bloom's clear direction, neither the petitioner nor petitioner's counsel contacted Mr. Duffy or Mr. Doyle, nor did they re-serve the Subpoena, nor did they move to compel in the U.S. District Court for the District of Massachusetts by September 15, 2003. Instead, on September 29, 2003, and without serving Mr. Duffy, Mr. Doyle, or counsel for any of the parties in the underlying litigation with Notice, the petitioner, Captain Sheriff Saudi filed a Motion seeking to hold Mr. Doyle in Contempt and to compel his deposition with the U.S. District Court for the District of Massachusetts. However, the U.S. District Court for the District of Massachusetts denied the motion because neither Mr. Duffy, nor Mr. Doyle, nor any of the other parties involved with the underlying case had been served with the Motion before it was filed. (See Ex. M).

### IT IS ESTABLISHED THAT THE SUBPOENA WAS NEVER PROPERLY SERVED

As set forth in Ex. O, when Mr. Duffy learned that the original Motion for Contempt was denied, he obtained a full copy of the Motion and its supporting documents. After reviewing the supporting affidavits, Mr. Duffy advised Mr. Doyle that Captain Sheriff Saudi was presenting evidence to the Massachusetts court that Mr. Doyle had been personally served and a check for the required witness was personally tendered to him. (Ex. O). That evidence, which accompanied the motion, was in the form of an affidavit of a process server named Darin Stokes. According the affidavit of Mr. Darin Stokes, which has no date to indicate when it was executed, Mr. Stokes personally went to Mr. Doyle's address at Salisbury Road on May 8, 2003 at 7:45 p.m., and Mr. Stokes hand delivered the subpoena and check to Mr. Doyle, who Mr. Stokes declared accepted such service. (See Petitioner's

Motion, affidavit of Darin Stokes.). Mr. Doyle was asked to review that evidence and revert with his comments. (Ex. O).

In accordance with his statement, herein at Ex. C, Mr. Doyle reported to Mr. Duffy that he could not have been personally served in Massachusetts on May 8, 2003. (Ex. C, ¶16). As confirmed by his credit card statements, Mr. Doyle reported that he was positive that he was in the State of Florida on that date. (Ex C, ¶ 17).

### THE PETITIONER'S COUNSEL IS CAUTIONED NOT TO PRESENT FALSE EVIDENCE TO THE U.S. DISTRICT COURT

Later on October 21, 2003, Mr. Duffy received another copy of the Motion for Contempt in the Mail. See Ex. N. The U.S. District Court for the District of Massachusetts, however, reported that the Motion was null and void for the reason that it had not been properly re-filed with the Court.

Given the advice that was obtained from the U.S. District Court of Massachusetts, Mr. Duffy confirmed to the petitioner's attorney that the Motion would not be responded to. (Ex. O). More importantly, Mr. Duffy specifically cautioned petitioner's attorney with respect to the affidavit that was submitted with the Motion for Contempt. On November 4, 2003. See Ex. P. Mr. Duffy wrote to the Petitioner and his counsel:

> I caution you to refrain from making the Motion for Contempt. It is based on erroneous information, and the "evidence" that you have purported to submit in support of such motion is believed to be fraudulent. If you insist on presenting false evidence to the Court in support of such motion, we will seek the strongest possible sanctions against you and those who submit such false evidence. Accordingly, please check your facts and be guided accordingly.

### ARGUMENT

### THE RESPONDENT CAN NOT BE HELD IN CONTEMPT OF COURT

It has been held by the U.S. District Court for the District of Massachusetts that a subpoena for a non-party witness must be served by personal delivery upon the person to be deposed. Greenberg v. United States, 1990 U.S. Dist. Lexis 12091 (D. Mass. 1990), citing In

-10-

re Deposition Subpoena Directed to Smith, 126 F.R.D. 461 (E.D.N.Y. 1989) and FTC v. Compagnine de Saint-Gobain-Pont-A-Monsson, 636 F.2d 1300 (D.C. Cir. 1980). Accordingly, as provided for in Fed. R. Civ. P. 45(c), for the service of a subpoena on Mr. Gregory F. Doyle to have been effective, the subpoena must have been personally delivered to Mr. Doyle.

Additionally, it has been held by U.S. Courts that in order for a subpoena to be valid, the witness fees required by Fed. R. Civ. P. 45(c) must be tendered with the subpoena. In re Robert Cecil Spradlin, 2002 Bankr. Lexis 599 (Bankr. E.D. Mich. 2002), aff'd in part and rev'd on other grounds in part, 284 B.R. 830 (E.D. Mich. 2002). Noncompliance with provisions regarding the witness fees invalidates a subpoena. Coleman v. St. Vincent De Paul Soc'y, 144 F.R.D. 92, 94 (E.D. Wis. 1992), see also CF&I Steel Corp. v. Mitsui & Co., 713 F.2d 494, 495 (9th Cir. 1983) (affirming "an order quashing a subpoena duces tecum" in which the district court "held [that] the subpoenas were invalid because no witness fees or mileage allowances were tendered"); In re Stratosphere Corp. Sec. Litig., 183 F.R.D. 684, 687 (D. Nev. 1999) ("The failure to pay witness and mileage fees ... renders service incomplete."). When a party subpoenas a witness without tendering the fees, the party is assuming the risk that the witness will not appear and is not entitled to sanctions when that occurs. Klockner Namasco v. Daily Access.com, Inc., 211 F.R.D. 685 (N.D. Ga. 2002).

In the case at hand, the subpoena upon which petitioner bases his Motion for Contempt was ineffective and invalid. Simply put, as is set forth above in the Statement of Facts, the subpoena dated May 7, 2003 was not personally served on Mr. Gregory F. Doyle and the subpoena dated May 7, 2003 was not tendered with the required witness fees. Indeed, it was physically impossible for anyone to have personally served Mr. Gregory Doyle with a subpoena in Brookline, Massachusetts on May 8, 2003 because, as is amply set forth in his affidavit, Mr. Doyle was not even in the Commonwealth of Massachusetts on that date. Thus, the subpoena dated May 7, 2003 was invalid.

A person cannot be held in contempt for refusing to obey an invalid subpoena. See Wright & Miller, Federal Practice and Procedure: Civil 2d § 2465 ("The subpoena must be valid for it to be a proper predicate for a contempt citation."). In this case, the petitioner is seeking reimbursement for costs related to Mr. Doyle's failure to appear for a deposition on June 9, 2003, and costs and fees for the preparation of the instant Motion for Contempt. The only provision in Rule 45 which authorizes such relief is subparagraph (e), which provides that "that failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed in contempt of the court from which the subpoena was issued." Fed. R. Civ. P. 45(e). For the purposes of Rule 45(e), a timely objection by a non-party is an "adequate excuse," Flatow v. Islamic Republic of Iran, 196 F.R.D. 203, 208 (D.D.C. 2000), aff'd in part and vacated in part, 305 F.3d 1249 (D.C. Cir. 2002), and an invalid subpoena is an "adequate excuse." In re Robert Cecil Spradlin, 2002 Bankr. Lexis 599 (Bankr. E.D. Mich. 2002), aff'd in part and rev'd on other grounds in part, 284 B.R. 830 (E.D. Mich. 2002). A court cannot hold a non-party in contempt for failing to respond to a deficient subpoena. Ganz v. Griffith, 1996 U.S. Dist. Lexis 3233 (E.D. Pa. 1996). Under these circumstances, Mr. Gregory F. Doyle cannot be held to be in contempt of Court.

### THE COURT SHOULD DENY PETITIONER'S REQUEST FOR AN ORDER TO COMPEL THE DEPOSITION OF GREGORY F. DOYLE, AND SHOULD ENTER A PROTECTIVE ORDER AGAINST FURTHER ATTEMPTS TO OBTAIN DISCOVERY FROM NON-PARTY DOYLE

Mr. Doyle, who is a non-party to the underlying action that is pending in New York, has been unreasonably caught in the plaintiff's web of improper subpoenae and threats of contempt. As such, Mr. Doyle has been subjected to annoyance, embarrassment, oppression, and undue burden and expense. It is, therefore, respectfully submitted that the Court should put an end to such harassment. It is submitted that the Court should deny the Petitioner's Request for an Order to compel the deposition of Gregory F. Doyle.

To fully appreciate that plaintiff's actions in this case with respect to Mr. Doyle are abusive and have caused Mr. Doyle undue burden and expense, two preliminary points must be made. First, as set forth in the Statement of Facts above, the petitioner's counsel has already deposed Mr. Doyle in a suit commenced in the U.S. District Court for the Southern District of Texas alleging the very same cause of action that is pending before the Court in New York, and plaintiff's counsel, Mr. Izen, already examined Doyle regarding his contacts with New York. Second, any evidence that Doyle may present regarding his contacts with New York, if any, will do little to advance plaintiff's case for New York jurisdiction over the defendants.

The District Court in Texas has already determined that Doyle is an "independent contractor" vis a vis the defendants and, therefore, his actions in the U.S. would not support Rule 4(k)(2) jurisdiction. In that New York follows a similar analysis, any contacts Mr. Doyle may have had with New York have little bearing on the question of whether the defendants are subject to personal jurisdiction in New York. Furthermore, in connection with the New York action and to discover whether the defendant Marine Atlantic Ltd. has sufficient contacts with New York, the petitioner has already: 1) re-deposed Mr. Robert Hamshaw, Marine Atlantic Ltd.'s Assistant Secretary; 2) requested phone records from all defendants and Hamshaw regarding calls to New York; and, 3) deposed the Fed. R. Civ. P. 30(b)(6) witnesses from the defendant corporations in France.

Accordingly, petitioner is insisting on pursuing discovery from non-party Doyle regarding the same issues on which he has already been deposed, and which are for the most part would be immaterial and irrelevant to the subject matter involved in the action pending in the U.S. District Court for the Eastern District of New York. Petitioner cannot demonstrate that Mr. Doyle has some unique knowledge of the issues and, therefore, his testimony would be redundant.

Separate and apart from those two preliminary points, and more to the point, it is the way in which plaintiff has pursued discovery from non-party Doyle that demonstrates the extent of the annoyance, embarrassment, oppression and undue burden and expense that Doyle has been subjected to. The jurisdictional discovery in the New York action was extended for over a year. During that time, Mr. Doyle, who is a non-party to the action, has been forced to defend himself against the plaintiff's antics on several occasions, including the original Motion to Compel that was never served before it was filed and, later, in connection with Subpoenas issued by petitioner's counsel to obtain Mr. Doyle's telephone records from AT&T. With respect to the subpoenas for the telephone records, neither the petitioner nor his counsel saw fit to provide Mr. Doyle with notice that the subpoenas had even been served on AT&T. Magistrate Judge Lois Bloom has thankfully quashed those subpoenas and declined to reopen the discovery to allow the plaintiff another opportunity to subpoena the phone records.

Of course, the most egregious example of the petitioner's abuse of legal process and abusive discovery practices relates to petitioner's effort to extort costs and hold Mr. Doyle in contempt of court in the District of Massachusetts based upon a false affidavit. Notwithstanding the fact that the petitioner has never made any attempt to correct the defects identified in connection with the Subpoena, the submission of a false affidavit to support such a serious charge such as Contempt of Court is beyond all bounds of acceptable conduct.

As has already been noted by Magistrate Judge Bloom in the Eastern District of New York, "[w]hether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses." Reilly v. Natwest Markets Group, Inc., 181 F.3d 253, 267 (2d Cir. 1999). Indeed, the U.S. District Court for the District of Massachusetts has held that it is appropriate to exercise even the

severe sanction of dismissal of a plaintiff's claims for litigation abuses in respect of discovery. Big Top USA, Inc. v. The Wittern Group, 183 F.R.D. 331 (D. Mass. 1998).

In the case at hand, there is overall pattern of abusive conduct on the part of the petitioner with respect to non-party Doyle, culminating with the presentation of false evidence to hold a resident non-party in contempt of court. A litigant who willfully violates orders of the court, procedural rules and abuses the subpoena power should not be entitled to request that the District Court compel one of its own citizens to attend at a deposition. Accordingly, and with particular reference to the fact that at least some of the petitioner's abuses of the legal process occurred in this District, including the presentation of false evidence in support of a Motion for Contempt, the District Court should decline to compel Gregory F. Doyle's attendance at a deposition in this District as a sanction against the petitioner. The District Court should, instead, issue a Protective Order against any further attempt by the plaintiff to obtain discovery from Mr. Gregory Doyle.

## CONCLUSION

A person who maintains a home and business in Massachusetts, and who is a non-party to an action initiated by a Texas plaintiff in New York, is entitled to the protection of the U.S. District Court for the District of Massachusetts when the plaintiff abuses the legal process. Especially so, where the plaintiff/petitioner unnecessarily multiplies and vexatiously multiplies proceedings and seeks to hold the non-party in contempt of Court based upon false evidence. Accordingly, the District Court should deny the Motion for Contempt, deny the Motion to Compel the deposition of Mr. Gregory Doyle and provide Mr. Doyle with such other and further relief that the Court may deem to be warranted in the circumstances.

Respectfully submitted,

**GREGORY F. DOYLE**

By his attorneys,

_____
Robert E. McDonnell (BBO# 331470)
Brandon L. Bigelow (BBO# 651143)
BINGHAM MCCUTCHEN LLP
150 Federal Street
Boston, Massachusetts 02110
(617) 951-8000


Owen Duffy, Esq.
FOWLER, RODRIGUEZ & CHALOS
366 Main Street
Port Washington, New York  11050
(516) 767-3600
(516) 767-3605


Dated: February 5, 2004

## CERTIFICATE OF SERVICE

I, Robert E. McDonnell, hereby certify that a true copy of the above document was served upon the petitioner, who is appearing *pro se*, at the following address by sending the document, by U.S. Mail, first-class postage pre-paid on or about February 6, 2004. This address is also the same address of his counsel as indicated below:

Captain Sheriff Saudi          Joe Alfred Izen, Jr.
5222 Spruce Street             Izen & Associates PC
Bellaire, Texas 77401          5222 Spruce Street
                               Bellaire, Texas  77401

_____
Robert E. McDonnell

LITDOCS:535927.2