IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | | |
|---|---|---|
| CAPTAIN SHERIFF SAUDI, | § § § | |
| Petitioner, | § § | |
| VS. | § | No. 04-MBD-10015 (RCL) |
| GREGORY DOYLE, | § § § | |
| Respondent. | § | |

### PETITIONER, CAPTAIN SHERIFF SAUDI'S, REPLY TO RESPONDENT, GREGORY DOYLE'S, OPPOSITION TO MOTION FOR CONTEMPT, OPPOSITION FOR AN ORDER TO COMPEL THE DEPOSITION OF RESPONDENT, CROSS-MOTION FOR PROTECTIVE ORDER

COMES NOW, Captain Sheriff Saudi, ("SAUDI") Petitioner, In Propria Persona, and files this his Reply to Respondent, Gregory Doyle's, ("DOYLE") Opposition to Motion for Contempt, Opposition for an Order to compel the Deposition of Respondent, and Cross-Motion for Protective Order, and in reply, would show the Court the following:

### REPLY TO PRELIMINARY STATEMENT

**I.**

Doyle's Preliminary Statement is self-serving and largely irrelevant. The assertions in the Preliminary Statement are based on Doyle's view of what he hopes the evidence will be at the hearing on Saudi's Motion which seeks an Order finding Doyle in contempt and awarding certain costs that directly resulted from Doyle's failure to attend his last noticed deposition in this District. When Doyle claims Saudi filed suit in New York "in connection with a personal injury that was allegedly sustained by the Petitioner," Doyle apparently suggests that Saudi was never injured and his current suit in New York before the

1

Honorable United States Magistrate Lois Bloom in the Eastern District of New York, Brooklyn Division, is fictitious. Saudi will be able to physically and visibly display the physical scarring from his serious injuries at a hearing on this motion.

### RESPONSE TO DOYLE'S STATEMENT OF FACTS

II.

1. The recitation of the Statement of Facts contained in Doyle's Statement of Facts on Pages 2-5 is irrelevant to Saudi's Motion for Contempt. The issue of relevance of Doyle's testimony and whether Doyle should be required to give his deposition more two years after his deposition was taken in Saudi's initial suit against Marine Atlantic, Ltd. in the United States District Court for the Southern District of Texas, Houston Division, before the suit was dismissed for want of personal jurisdiction, has already been decided adversely to Doyle and the Defendants in the New York suit by Magistrate Bloom. This fact can be determined by an examination of Doyle's evidence attached to Doyle's Response to this Motion. Doyle's Opposition, Exhibit O, P. 20, LL 1-25.

2. While Doyle did not see fit to attach a copy of Magistrate Bloom's most recent ruling on the subject, Saudi may present Judge Bloom's latest order at a hearing on this motion, which confirms that Doyle's deposition must go forward.

3. The fact that Saudi's counsel in another action deposed Doyle and that Saudi filed suit in New York after that suit was dismissed is irrelevant to the issues before this Court. This Court must simply determine whether Doyle was served with the proper subpoena, whether Doyle should be held in contempt, wheth-

er Doyle should be compelled to attend a deposition on a date ordered by this Court, and whether the costs incurred by Saudi due to Doyle's unilateral failure to appear at the last scheduled deposition should be awarded against Doyle.

**DOYLE'S OPPOSITION PROOF DEFECTIVE TO PROVE SUBPOENA DEFECTIVE**

III.

1. An examination of Doyle's opposition proof attached to Doyle's response indicates that Doyle's attorney initially made no mention that Saudi's purportedly defective subpoena was not personally served on Doyle. In the June 4, 2003 letter written by Doyle's New York attorney, Duffy, who claims the subpoena was served by certified mail. Duffy gives no number of the alleged item. Doyle's Opposition Exhibit I, PP. 1-2. Doyle's letter written by attorney Duffy on July 18, 2003 failed to make any specific claim that the subpoena in question was not personally served. Respondent Opposition, Exhibit M, PP. 1-2.

2. Conveniently missing from Doyle's Opposition Exhibit M are numerous pages of the telephone hearing conference before the Honorable Magistrate Lois Bloom which establish that the Brooklyn District Court rejected the very arguments concerning relevance and harassment which Doyle now attempts to foist off on this Court. See Saudi's attached Exhibit A, Transcript of July 23, 2003 telephone conference, CV-02-24-95, <u>Saudi v. Marine Atlantic, Ltd., Et Al,</u> pending before the United States District Court, Eastern District of New York, PP. 1, 12-21, and 32. A review of Saudi's Exhibit A containing various pages conveniently deleted by Respondent Doyle fails to reveal any claim that Doyle was not

3

personally served. Instead, Mr. Letourneau, an attorney in the New York case represented:

> Judge, the original deposition notice -- the subpoena was not supported by appropriate fees and therefore it was defective on its face.

Saudi Exhibit A, P. 16, LL 14-16.

Contrary to Doyle's attorney's representation that the subpoena was served "by certified mail," Doyle swears in his Affidavit:

> The subpoena referred to in the proceeding paragraph was dated May 7, 2003 and had been sent by regular mail to my address at 133 Salisbury Road, Brookline, Massachusetts 02445. As set forth in the subpoena I was commanded to appear and to testify at the taking of a deposition for the case pending in New York on June 9, 2003.

Doyle Exhibit C, P. 2, Paragraph 10.

   3. In Paragraph 9 of the same Exhibit Doyle states:

> The subpoena was sent by ordinary first class mail and was not sent with a check or any other form of payment.

Doyle's Exhibit C, P. 2, Paragraph 9.

   4. Doyle failed to include any proof of certified mail or regular mail service of the subpoena other than his own testimony which, notably, he does not submit to this Court "under penalties of perjury." Further, Doyle's Opposition does not submit any proof of the signed credit card statements or any other actual proof that he was in Florida on the day Doyle claims he was in Florida. See Doyle's Opposition, Exhibit C, Paragraphs 14, 15, 16, and 17.

   5. Saudi hopes to match this testimony of Doyle against that of the process server he hired, Darin Stokes, who is, apparently, a part or full-time State Constable in this District.

4

While Doyle's opposition Exhibit I also claims Doyle "received the subpoena by certified mail." Apparently, Doyle and his counsel made the same conflicting representations to that Court (Honorable Magistrate Bloom) as they did to this Court. Doyle's Exhibit H, P. 2.

6. Doyle's claim that Saudi did not oppose Doyle's application to quash the subpoena in the New York case is false. Saudi's Exhibit A, P. 15, LL 19-25; P. 16, LL 1-25; P. 17, LL 1-25; P. 18, LL 1-25; P. 19, LL 20-25. Doyle's unilateral actions prevented the scheduled deposition from going forward.

7. Doyle admits on P. 7, of his Response that the only issue before this Court is whether:

The subpoena (on Doyle) had been properly served.
Doyle's Opposition, P. 7.

8. The remainder of Doyle's statements in his Statements of Facts contained on Pages 8, 9, 10, are irrelevant before this Court. The New York District Court has already overruled any relevance objection Doyle makes various misstatements including a claim, "Petitioner's counsel did not however, request that the deposition of Mr. Doyle be rescheduled." Doyle Opposition, P. 8. Contrary to Doyle's claim now that the New York Court refused to let Saudi take Doyle's deposition in the absence of an agreement with Doyle or his counsel, the Magistrate specifically instructed Saudi's counsel (in a passage from the telephone conference which Doyle and his attorneys deleted in their Opposition):

> So we have two matters outstanding from my perspective. **We have the Doyle deposition, which I am telling you you must move in Massachusetts to compel the discovery.** I would say serve the new subpoena with the new what-

5

>ever the fees were that they say were defective, the
>first and at the same time be going in the Court to
>compel that deposition to go forward.

Saudi Exhibit A, P. 19, LL 20-25; P. 20, L 1.

>If there is more monkey business, I'll extend the
>deadline.

Saudi Exhibit A, P. 20, LL 24-25.

   9. With respect to Doyle's counsel's claim:

>Petitioner's counsel is cautioned not to present false
>evidence to the U.S. District Court,

Doyle's counsel is cautioned to heed his own admonition. However, he seems to be confused concerning Saudi's status in this case. Saudi's counsel signed the deposition subpoena issued by the Clerk of this Court to properly enforce the taking of a deposition in aid of discovery in the New York case under the Federal Rules of Civil Procedure. Saudi's attorney properly signed the subpoena under Rule 45(B)(3)(B).

   10. However, in this appearance before this Court on the Motion for Contempt Saudi is pro se. Presentation of this motion to this Court would require retention of counsel authorized to practice in this District under the Local Rules of this Court.

### SAUDI'S RESPONSE TO DOYLE'S LEGAL ARGUMENTS

#### IV.

   1. Doyle's legal arguments simply state that he can not be held in contempt and punished for his failure to appear because he was never properly served by Constable Darin Stokes, Saudi's process server. This issue is one of fact which will be resolved by this Court.

   2. With respect to the remaining arguments contained in

6

Doyle's Opposition, PP. 10-15, Saudi objects to the extent Doyle attempts to bring a cross-motion as part of his Opposition without providing sufficient notice of such motion as required by the Local Rules of this Court. Saudi is entitled to proceed on his own Motion for Contempt and Motion to Compel and is replying simply to the Opposition to those two Motions filed by Doyle. Saudi does not waive any notice requirements for a hearing on any motion required by the Local Rules.

## CONCLUSION

Based on all of the above facts and arguments Saudi's Motion for Contempt and to Compel Doyle's deposition should be granted. Saudi should recover the costs against Doyle sought in his motion. Additionally, this Court should compel Doyle to attend the deposition in this State and District at a time agreeable to the Court which is free of conflicting settings of the attorneys involved in the New York matter and/or Doyle's attorney. The Court should enter such other orders punishing Doyle for contempt as it deems just and equitable.

Respectfully submitted,

_____
Captain Sheriff Saudi
Petitioner In Propria Persona
5222 Spruce Street
Bellaire, Texas 77401
(713) 668-8815
(713) 668-9402 FAX

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing document was sent to Michael E. Unger, at Freehill, Hogan and Mahar, LLP, 80 Pine Street, New York, New York 10005-1079, FAX (212) 425-1901 and Thomas Nork and Keith Letourneau, Bell, Ryniker, Letourneau & Nork, 5847 San Felipe, Suite 4600, Houston, Texas 77057 FAX (713) 871-8844 and Owen F. Duffy, Fowler, Rodriguez, & Chalos, 366 Main Street, Port Washington, NY 11050 and Robert E. McDonnell, 150 Federal Street, Bostin, MA 02110-1726 facsimile transmission and/or United States mail on this the 16th day of February, 2004.

                                                           Captain Sheriff Saudi

SAUDOYLE.RSP/TK355